UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TRAVIS SHAW,

    Plaintiff,

v.                                                      Case No.

GRAND PLAZA RESORTS INC. d/b/a
BONGOS BEACH BAR & GRILLE,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, GRAND PLAZA RESORTS INC. d/b/a BONGOS BEACH BAR & GRILLE ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes to the United States District Court for the Middle District of Florida the state court action described below. As grounds for removal, Defendant states as follows:

1. This case was commenced by Plaintiff, TRAVIS SHAW ("Plaintiff"), in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, as Case No: 17-002643-CI. A true and correct copy of the Complaint filed in the state court is attached hereto as **Exhibit A.** Plaintiff asserts claims for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA") and claims alleging that Defendant failed to properly pay minimum wages to Plaintiff under Fla. Stat. § 448.110 and the Florida Constitution (the "Florida Minimum Wage Claims.")

2. Copies of the Summons and Complaint were served on the Defendant on May 22,

2017.

3. This is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(a) in that this is a civil action arising under laws of the United States. Specifically, Plaintiff alleges claims under the Fair Labor Standards Act, otherwise codified as 29 U.S.C. §201, *et. seq*.

4. Pursuant to 28 U.S.C. § 1441(c), Plaintiff's Florida Minimum Wage Claims may be removed with the entire case, and the District Court may determine all issues therein.

5. This Court has supplemental jurisdiction over Plaintiff's state law Florida Minimum Wage Claims, pursuant to 28 U.S.C. § 1367(a) as these claims are part of the same case or controversy and are factually intertwined with Plaintiff's FLSA claims. Further, in asserting his Florida Minimum Wage Claims in the Complaint, Plaintiff repeatedly cites to portions of the FLSA and other federal authority and repeatedly refers to the fact that the Florida wage law at issue incorporates relevant provisions of the FLSA.

6. Although Defendant disputes any liability to Plaintiff, Defendant expressly incorporates the allegations contained in the Complaint attached hereto as part of Exhibit A for the purpose of demonstrating the propriety of removal.

7. This Notice of Removal is timely because it is being filed within thirty (30) days after Defendant was served with the Summons and Complaint. *See* 28 U.S.C. § 1446.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant is serving written notice on Plaintiff of the filing of this Notice of Removal, and will serve and file Notice to State Court of Removal, a copy of which is attached as **Exhibit B**, and a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas

2
4815-8615-5337.1

County, Florida.

9. As required by 28 U.S.C. § 1446(a), Defendant has attached copies of all state court process and pleadings to this Notice of Removal. *See* **Exhibit A**.

10. Defendant has not attempted to litigate this case in state court or taken any action that could be construed as a waiver of their right of removal.

11. By removing the above-captioned case to this Court, Defendant does not waive any of its available defenses. Defendant specifically reserves all of its available defenses.

12. Venue of the removed action lies in the United States District Court for the Middle District of Florida, because the state court action was filed and is pending in a place embraced within the United States District Court for the Middle District of Florida.

13. This Notice has been signed by the undersigned pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant prays that this Notice of Removal be deemed good and sufficient, and that Plaintiff's Complaint be removed from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, into this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action as if it had been originally commenced in this Court.

Dated: June 12, 2017

Respectfully submitted,

*/s/ Lauren Valente*
Larry S. Perlman (Florida Bar No. 91934)
lperlman@foley.com
FOLEY & LARDNER LLP
One Biscayne Tower, Suite 1900
2 S. Biscayne Blvd.

Miami, Florida 33131
Tel. No.: 305-482-8400
Fax No.: 305-482-8600

Lauren Valiente (FL Bar No. 034775)
lvaliente@foley.com
FOLEY & LARDNER LLP
100 North Tampa Street
Suite 2700
Tampa, FL 33602-5810
Tel. No.: 813-229-2300
Fax No.: 813-221-4210

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2017, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified.

*Lauren Valiente*
Lauren Valiente

## SERVICE LIST

Molina Arena-Randall, Esq.
mrandall@itsaboutjustice.law
Cohen Grossman, Attorneys At Law
350 N. Lake Destiny Road
Maitland, FL 32751
Tel. No.: (407) 478-4878
Facsimile: (407) 478-0204
*Attorneys for Plaintiff*

Service by Email and U.S. Mail

4
4815-8615-5337.1